NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: BIOSERV CORPORATION,

Debtor,

------------------------------

GPX CAPITAL, LLC,

Appellant,

v.

ARGONAUT MANUFACTURING
SERVICES, INC.; et al.,

Appellees.

No.   23-60033

BAP No. 22-1213

MEMORANDUM*

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Brand, Gan, and Faris, Bankruptcy Judges, Presiding

Argued and Submitted June 7, 2024
Pasadena, California

Before:  CLIFTON, COLLINS, and LEE, Circuit Judges.

Plaintiff GXP Capital, LLC sued Argonaut Manufacturing Services, Inc. in an

adversary proceeding before the bankruptcy court for breach of contract,

---

*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

misappropriation of trade secrets, and a variety of other economic torts. GXP contends that Argonaut's misconduct interfered with GXP's bankruptcy and led to the appointment of an examiner, who allegedly sold its assets for less than market value. The bankruptcy court dismissed the entire complaint for lack of Article III standing, and found that GXP's injuries were caused by GXP's own actions, not by Argonaut's alleged misconduct.

The Bankruptcy Appellate Panel (BAP) affirmed the bankruptcy court's dismissal for lack of Article III standing. The BAP held in the alternative that GXP failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) because its alleged injuries were not legally cognizable. The BAP also held that, even if such injuries were legally cognizable, GXP's claims failed because its damages were not caused by Argonaut's misconduct.

We have jurisdiction under 28 U.S.C. § 158(d)(1) and affirm. We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's decision. *Boyajian v. New Falls Corp.* (*In re Boyajian*), 564 F.3d 1088, 1090 (9th Cir. 2009). The bankruptcy court's determination that GXP lacks Article III standing is also reviewed de novo. *Shulman v. Kaplan*, 58 F.4th 404, 407 (9th Cir. 2023). But its "factual findings on all jurisdictional issues must be accepted unless clearly erroneous." *Scott v. Boos*, 215 F.3d 940, 943 (9th Cir. 2000).

2

1.  GXP impliedly consented to the bankruptcy court's jurisdiction. Relying on its objection in its complaint, GXP argues that it did not consent to the bankruptcy court's jurisdiction. But its subsequent litigation conduct constitutes implied consent. *See Wellness Int'l Network Ltd. v. Sharif*, 575 U.S. 665, 683–85 (2015). In its opposition to Argonaut's motion to dismiss the complaint, GXP failed to raise this jurisdictional objection to the bankruptcy court. In fact, GXP's filing begins with an exposition on why the bankruptcy court had jurisdiction over the case. Further, when GXP had the chance to be heard before a district court, it still chose to appeal to the BAP, where it again failed to raise this objection. GXP thus impliedly consented to the jurisdiction of the bankruptcy court to issue a final judgment.

2.  GXP has Article III standing to bring this lawsuit. The core of GXP's lawsuit is that Argonaut interfered with its bankruptcy proceedings, resulting in a loss of potentially millions of dollars. Such economic injury is of the sort that we have regularly held is sufficient to confer Article III standing. *See Isaacson v. Mayes*, 84 F.4th 1089, 1096–97 (9th Cir. 2023) (collecting cases). GXP thus has standing.

3.  GXP nevertheless failed to state a claim for relief. We may affirm on any basis supported by the record. *In re Frontier Props., Inc.*, 979 F.2d 1358, 1364 (9th Cir. 1992). GXP argues that Argonaut's actions resulted in the disclosure of

3

confidential business information to GXP's creditors and the bankruptcy court. The disclosure of this information, in turn, caused the bankruptcy court to appoint an examiner who facilitated the sale of GXP's assets for less than their market value, according to GXP.

The problem with GXP's theory of causation is that, in appointing an examiner, the bankruptcy court orally provided a detailed explanation for that action and issued a written ruling succinctly explaining those reasons. As GXP concedes in its opening brief, "none" of the bankruptcy court's stated "reasons for appointing the Examiner . . . involved the Hostile Bid" that is the essential link in GXP's theory of causation of injury. In attempting to plead proximate causation, GXP thus faced the daunting task of pleading sufficient, non-speculative facts to establish that Argonaut's misconduct concerning a factor that was not even included among the bankruptcy court's fully sufficient, stated reasons for its action would have changed the course of proceedings and would have led the bankruptcy court to enter completely different orders that would have avoided GXP's asserted injuries. The operative complaint falls far short of doing so. GXP has not suggested any potential amendment that could cure this deficiency, and on this record, we perceive no conceivable basis for concluding that it could do so. All its claims thus fail. *See Vu v. Cal. Com. Club, Inc.*, 68 Cal. Rptr. 2d 31, 33 (Cal. Ct. App. 1997) (plaintiffs alleging breach of contract must show that their damages were proximately caused

by the defendant's misconduct); *CytoDyn, Inc. v. Amerimmune Pharm. Inc.*, 72 Cal. Rptr. 3d 600, 607 (Cal. Ct. App. 2008) (same for trade secret misappropriation); *Golden Eagle Land Inv., L.P. v. Rancho Santa Fe Ass'n*, 227 Cal. Rptr. 3d 903, 927 (Cal. Ct. App. 2018) (same for interference with prospective economic advantage and business relationships); *Stanely v. Richmond*, 41 Cal. Rptr. 2d 768, 776 (Cal. Ct. App. 1995) (same for breach of fiduciary duty).

We thus affirm, for failure to state a claim, the BAP's affirmance of the bankruptcy court's judgment dismissing the adversary complaint in its entirety "with prejudice."[1]

**AFFIRMED**.

---

[1] We also find that the bankruptcy court did not abuse its discretion in declining GXP's request for jurisdictional discovery. *See Boschetto v. Hansig*, 539 F.3d 1011, 1020 (9th Cir. 2008) (noting that a court's refusal to provide such discovery "will not be reversed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant").